Mr. Justice ThacheR
delivered the opinion of the court.
Joseph E. Jones instituted his action, under the statute of 1842, to provide and regulate the action of replevin, against Nancy Gowan, to recover the possession of a slave. The case is presented in this court, as upon a bill of exceptions to the ruling of the court on the trial, (Laws of 1846, c. 11, § 1,) and upon a motion for a new trial overruled.
The plaintiff below claimed the slave as a purchaser, at a sale made by a commissioner in chancery, under a decree of foreclosure of a mortgage, executed by the husband of the defendant, who is since deceased.
In support of his title, the plaintiff produced in evidence, a certified transcript from the superior court of chancery, of the cause under the decree of which he claimed to have become the purchaser of the slave in question. This transcript concludes with the decree in the cause, and does not exhibit that any report of the sale had been filed, or that any confirmation of the sale *168 had been made by the court. The record contains as evidence, a copy of a bill of sale of. a slave, made to the plaintiff below by the commissioner of the superior court of chancery, and also his certificate of the payment of a bond executed for the purchase-money of a slave sold under a decree, in the cause whereof, the transcript is introduced in evidence.
Several grounds of error are claimed, but the case will turn upon the refusal of the court to grant a particular instruction, which seems to include the principal points of law embraced in the other instructions. In other respects, there is nothing that, in view of the decision here, demands comment.
The court refused to charge the jury, that unless they find from the evidence, that the sale under the decree read to the jury, was reported to the superior court of chancery, and confirmed by that court, they should find for the defendant.
In chancery, some reports are conclusive, and others require confirmation. Among the latter, is the report allowing the highest bidder at a sale under a decree, to be the purchaser. 1 Smith’s Ch. Pr. 358; Ex parte Minor, 11 Vesey Ch. 559. In Tooley v. Gridley et al. 3 S. & M. 514, one of the errors complained of was, that no report of a sale was made to the court. This court said that, “ there having been no confirmation of the sale nor anything equivalent to it, the sale under the decree was incomplete, and may be set aside by the court. Confirmation of a report of a sale is usually necessary to its validity.” It is not intended here to require the rigid strictness of a confirmation by the court. Parties, by their acts, may cause a confirmation as valid as if made by the court, or, perhaps, great lapse of time may be equivalent to a confirmation by a court. As exceptions to the general rule requiring a confirmation arise, it will be time enough to note them. In the present case, there is nothing presented in the evidence that warrants a deviation from the rule, and the refusal of the instruction asked, was therefore erroneous. The verdict could not have been rendered for the plaintiff below, had the instruction been given.
Judgment reversed and new trial awarded.